IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL R. MAENDELE, *et al.*   ) | |
| ) | |
| PLAINTIFFS,   ) | |
| ) | |
| v.   ) | CASE NO. 2:03-CV-806-MEF |
| ) | WO |
| RHETT BUTLER TRUCKING, INC., *et al.,*   ) | |
| ) | |
| DEFENDANTS.   ) | |

## MEMORANDUM OPINION AND ORDER

This is a case which arises out of a collision between a tractor trailer owned by Rhett Butler Trucking, Inc. (hereinafter "Rhett Butler Trucking") and driven by its employee Jason Crowell (hereinafter "Crowell") and the vehicle in which Plaintiffs were traveling. The Complaint contains various claims of negligence by Rhett Butler Trucking and Crowell. This cause is presently before the Court on Defendants' Motion for Partial Summary Judgment (Doc. # 46). The Court has carefully considered the arguments and submissions in support of and in opposition to this motion and finds that it is due to be GRANTED.

### JURISDICTION AND VENUE

Subject matter jurisdiction over Plaintiffs' claims is proper under 28 U.S.C. §§ 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

**FACTS AND RELEVANT PROCEDURAL HISTORY**

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts relevant to the issues raised by Defendants' motion:

Rhett Butler Trucking hired Crowell as a diesel mechanic in 1998. In August of 2001, Crowell was still employed full-time during the week as a diesel mechanic for Rhett Butler Trucking, but he had also been working for about six months as a part-time truck driver for Rhett Butler Trucking. Before being hired as a driver for Rhett Butler Trucking, Crowell obtained a CDL by taking a test at an Alabama State Troopers Office. In order to prepare for the CDL test, Crowell practiced driving tractor trailer rigs on the back lot at Rhett Butler Trucking. No one in particular trained him, but he did practice backing straight, backing in a 90-degree dock, and driving. According to Crowell this training was "just to take the [CDL] test." Crowell received some training on how to brake a tractor-trailer in dry conditions, but there is no evidence that he was giving training on braking a tractor-trailer in wet conditions.

After obtaining his CDL, Crowell began to train with another driver at Rhett Butler Trucking by riding along on trips. The Rhett Butler Trucking Safety Director gave Crowell numerous safety and training manuals when he started his training. There is no evidence that anyone with Rhett Butler Trucking reviewed these manuals with Crowell or directed Crowell

2

to review them. Undisputed evidence before this Court does establish that Crowell looked through the manuals when they were given to him and was familiar with the regulations concerning how long he could drive before he had to rest.

On the weekend of August 4 and 5, 2001, Rhett Butler Trucking assigned Crowell to drive a tanker load of formaldehyde from River Falls, Alabama to Moncure, North Carolina and then return empty. This trip called for Crowell to driver approximately 1246 miles. Crowell left River Falls for Moncure at approximately 4:00 p.m. central time on Saturday, August 4, 2001. Crowell arrived in Moncure at approximately 6:00 a.m. central time on Sunday, August 5, 2001. While waiting for the truck to be unloaded, Crowell slept for approximately one hour. Crowell then unloaded his truck which took about 45 minutes to an hour and then refueled which took approximately 30 minutes. Crowell then began his return trip to Alabama. It is undisputed that Crowell violated the Federal Motor Carrier Safety Administration's regulations for the amount of time a commercial driver could drive on this trip and that he admitted this to Rhett Butler Trucking, which told him that he should not have violated the regulations. It is also undisputed that Rhett Butler Trucking knew or should have known of this violation after the accident when Crowell submitted his driving log.

At around 4:30 p.m. central time on Sunday, August 5, 2001, the tractor-tanker truck Crowell was driving for Rhett Butler Trucking collided with a Chevrolet pickup truck in which Plaintiffs were sitting. The collision occurred on Interstate 65 South in Butler County,

Alabama. The accident occurred in an area of I-65 where traffic was merging into the right lane because of left-lane construction ahead and where traffic was stopping because of an accident. The area approaching the location where the accident occurred was flat and straight for several miles. At the time of the accident, it was raining lightly and the road was wet. Shortly before the collision, Plaintiffs' vehicle passed the truck Crowell was driving. Shortly after passing Crowell, Plaintiff Michael Maendele saw that traffic about ½ mile ahead of him was stopping and he began to brake when he was about 300 to 400 yards from the end of the stopped line of vehicles. While he was braking, he was watching in his rearview mirror to make sure that Crowell could see he was stopping. Crowell applied his brakes and tried to steer his rig into the median, but he was unable to stop the forward movement of his rig and the tanker trailer struck Plaintiffs' vehicle.

At his deposition, Crowell could not recall if he had violated the Federal Motor Carrier Safety Administration's regulations for the amount of time a commercial driver could drive on trips he made *before* the accident. Rhett Butler Trucking destroyed the driver's logs for such trips prior to the initiation of this lawsuit. Despite some awareness of potential claims arising out of the accident, Rhett Butler Trucking maintained the records relating to Crowell's driving only for the six months required by federal law. Crowell's copy of the log was lost when he moved his residence.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party

"must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). However, where as here, the Court finds that genuine issues of material fact exist, the moving party is not entitled to judgment as a matter of law.

**DISCUSSION**

By their motion, Defendants seek summary judgment on three of Plaintiffs' claims: (1) improper maintenance and inspection of the tractor trailer (*see* Compl. at ¶¶ 11(b), (d) & (e)); (2) improper training of drivers (*see* Compl. at ¶ 11(c)); and (3) failure to exercise the degree of care that a reasonable and prudent businessperson would have exercised under similar circumstances (*see* Compl. at ¶ 11(f)). Plaintiffs concede that summary judgment is due to be entered on the first of these three claims – the improper maintenance and inspection of the tractor trailer. On the record before this Court, there is no question that Defendants' are entitled to judgment as a matter of law on this claim and that there are no genuine issues as to any fact material to this claims. For this reason, the Court will grant Defendants'

motion for summary judgment on Plaintiffs' claims arising out of alleged improper maintenance and inspection of the tractor trailer as set forth in the Complaint in paragraphs 11(b), (d) & (e).

With respect to the claims of alleged improper training of drivers and alleged failure to exercise the degree of care that a reasonable and prudent businessperson would have exercised under similar circumstances, Defendants argue that summary judgment is appropriate because Plaintiffs cannot offer any evidence of failure to exercise due care in the operation of Rhett Butler's business and cannot demonstrate that Rhett Butler knew or should have known that Crowell was inadequately trained.

Plaintiffs contend that summary judgment is not appropriate due to the existence of genuine issues of material fact with respect to these claims. Specifically, Plaintiffs argue that Crowell's training on driving and braking in wet conditions was inadequate. Plaintiffs further contend that Crowell's training on the length of time he could drive and the length of rest periods between driving as set forth in the applicable federal regulations was inadequate. Finally, Plaintiffs assert that Rhett Butler Trucking failed to exercise the degree of care that a reasonable and prudent businessperson would exercise because it failed to ensure that its drivers, specifically Crowell, complied with the driving-time limits set by the Federal Motor Carrier Safety Administration. In seeking to establish that genuine issues of material fact exist, Plaintiffs rely heavily on Rhett Butler Trucking's actions after the accident. For example, they argue that Rhett Butler Trucking failed to discipline Crowell for

violating the driving-time limits set by the Federal Motor Carrier Safety Administration during the trip which culminated with the accident at the heart of this action and that Crowell was sent on another trip within a week after the accident. Plaintiffs argue that Defendants improperly destroyed Crowell's driving records for trips prior to the accident and claim that the destruction of these records constitutes spoilation of evidence warranting an inference that the records would have supported Plaintiffs' claims against Rhett Butler Trucking.

**Failure to Train**

The parties do not dispute the amount or types of training Crowell received from Rhett Butler Trucking prior to the accident, but they disagree about how to characterize the adequacy of the training. Plaintiffs contend that the training was inadequate. Defendants assert that it was extensive. The question for this Court is whether, on these facts, Plaintiffs can satisfy the elements of a claim that Rhett Butler Trucking negligently failed to train Crowell.

It is plain that Alabama law provides that an employer may be directly liable for its own negligent failure to train its employee in addition to being vicariously liable for the acts of its employee pursuant to a respondeat superior theory of liability. *See, e.g., Poplin v. Bestway Express,* 286 F. Supp. 2d 1316 (M.D. Ala. 2003) (holding that Alabama law allowed a corporation that has admitted that an alleged tortfeasor was its agent and was acting within the scope of his agency to proceed under alternate theories of recovery including a claim under the doctrine of respondeat superior and torts of negligent entrustment, hiring,

supervision, training, or retention). For this reason, the fact that Plaintiffs are making a claim against Rhett Butler Trucking for Crowell's alleged negligence in paragraph 11(a), does not preclude them from also seeking to hold Rhett Butler Trucking directly liable for its own alleged negligent training of Crowell. However, a claim of negligent training or supervision under Alabama law requires a showing that the master had notice or knowledge, either actual or presumed, of the inadequacy of the training or supervision prior to the time when it allegedly resulted in harm to the plaintiff. *See, e.g., Big B, Inc. v. Cottingham,* 634 So. 2d 999 (Ala. 1993). For example, the Alabama Supreme Court has held that it was proper to send a claim of negligent hiring and supervision of a retail store manager to the jury where the retail store did not review training manuals with the manager or otherwise train him prior to the incident and where the retail store was aware of a similar incident of misconduct by the manager prior to the incident giving rise to the lawsuit. *Id.* at 1003-04.

 For purposes of this motion, the Court assumes that there is no evidence that Rhett Butler Trucking provided Crowell with any training whatsoever on driving and braking in wet conditions. Nevertheless, the Court cannot find that Plaintiff has offered sufficient evidence to send a negligent training claim to the jury based solely on the inadequacy of this training. Simply put, there is no evidence from which a reasonable jury could find that Rhett Butler Trucking knew or should have known that Crowell's training on driving and braking in wet conditions was inadequate. Accordingly, summary judgment is due to be granted on that claim.

With respect to Plaintiffs' claim that Rhett Butler Trucking provided Crowell with inadequate training with respect to driving-time limits set by the Federal Motor Carrier Safety Administration, the question is a closer one. It is undisputed that Rhett Butler Trucking provided Crowell with various manuals relating to safe driving and regulations governing driving, but there is no evidence that Rhett Butler Trucking reviewed the manuals with Crowell. In that respect this case is like *Big B, Inc. v. Cottingham* where the Court faulted a corporation for failing to review its policies and manuals with an employee who allegedly falsely imprisoned a customer.

Of course, the holding in *Big B* was based not only on this failure to review policies, but also on the fact that a prior incident of misconduct involving the same employee had occurred which could or should have put the corporation on notice that he needed greater training or supervision. Plaintiffs have absolutely no evidence of any incident of Crowell driving longer than federal regulations permitted prior to the accident at issue in this lawsuit. Moreover, Plaintiffs have absolutely no evidence that Rhett Butler Trucking was aware of any incident of Crowell driving longer than federal regulations permitted prior to the accident such that Rhett Butler Trucking could be said to be on notice that he required additional training on the requirements of those regulations. While Plaintiffs contend that they are entitled to an adverse inference based on Rhett Butler Trucking's failure to preserve the driving logs for Crowell's driving prior to the accident, such an inference is not warranted based on the evidence before this Court. *See, e.g., Bashir v. Amtrak,* 119 F.3d 929 (11th Cir.

1997) ("In this circuit, an adverse inference is drawn from a party's failure to preserve evidence only when the absence of evidence is predicated on bad faith."). For these reasons, Defendants' motion for partial summary judgment as to Plaintiffs' claims based upon Rhett Butler Trucking's failure to adequately train Crowell is due to be granted.

**Failure to Exercise Reasonable Care in the Operation of the Business**

In paragraph 11(f) of the Complaint, Plaintiffs allege that Rhett Butler Trucking negligently failed to exercise the degree of care that a reasonable and prudent businessperson would have exercised under similar circumstances. The nature of this claim is not entirely clear from this allegation, but in opposition to Defendants' motion for partial summary judgment, Plaintiffs elaborate on this claim explaining that this claim is predicated on Rhett Butler Trucking's alleged negligent failure to enforce federal regulations with respect to driving-time limits set by the Federal Motor Carrier Safety Administration. Specifically, Plaintiffs contend that Rhett Butler Trucking failed to make Crowell comply with these regulations. Of course, for any such negligence to be actionable it must have proximately caused the accident at issue. Accordingly, the Court must examine evidence of Rhett Butler Trucking's conduct prior to the accident as opposed to after the accident. Moreover, the Court finds that, as articulated, this claim is best characterized as a negligent supervision claim. Specifically, it is a claim that Rhett Butler Trucking negligently supervised Crowell's driving and failed to realize that Crowell was violating federal regulations.

Like Plaintiffs' claim for negligent training, Alabama law requires a negligent

11

Case 2:03-cv-00806-MEF-VPM   Document 62   Filed 06/08/05   Page 12 of 12

supervision claim to be predicated upon some basis for finding that the employer had notice or knowledge, either actual or presumed, of the inadequacy of the supervision prior to the time when it allegedly resulted in harm to the plaintiff.  *See, e.g., Big B, Inc. v. Cottingham*, 634 So. 2d  999 (Ala. 1993).  Plaintiffs have not offered evidence from which a reasonable jury could find that this requisite element of a negligent supervision claim is satisfied. Accordingly, summary judgment is appropriate on this claim.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motion for Partial Summary Judgment (Doc. # 46) is GRANTED.  Plaintiffs' remaining claims against Defendants are unaffected by this Memorandum Opinion and Order.

DONE this the 8th day of June, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE