IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL R. MAENDELE, *et al.* ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 2:03-CV-806-MEF |
| ) | WO |
| RHETT BUTLER TRUCKING, INC., *et al.,* ) | |
| ) | |
| DEFENDANTS. ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's [sic] Motion to Amend the Complaint (Doc. # 54) filed on May 16, 2005. Defendants have opposed this motion. Upon consideration of the record as a whole, the Court finds that the motion is due to be DENIED.

This action arises out of a collision between a tractor-trailer and a pickup truck in August of 2001. In July of 2003, Plaintiffs filed this lawsuit which alleged a variety of claims for negligence and sought compensatory and punitive damages. The Complaint contains no allegations of wantonness. In November of 2003, Defendants filed an Answer in which they asserted that the Complaint failed to state a claim for which punitive damages could be granted as part of the relief awarded. Plaintiffs did not attempt to amend the Complaint after receiving this Answer.

In December of 2003, the parties submitted a Report of Parties' Planning Meeting suggesting a trial in December of 2004 and proposing a deadline of March 1, 2004 for any amendment to the Complaint by the Plaintiffs. On December 9, 2003, this Court entered a

Uniform Scheduling Order pursuant to Federal Rule of Civil Procedure 16. This Uniform Scheduling Order set a deadline of February 21, 2004 for the amendment of the pleadings by any party. Plaintiffs did not object to this deadline within the time provided for such objections.

After conducting their planning meeting, the parties began discovery by exchanging written discovery requests. It appears from the record before this Court that on December 11, 2003, Plaintiffs served written interrogatories and requests for production of documents on Defendants. Pursuant to the Federal Rules of Civil Procedure, the responses to Plaintiffs' discovery to Defendants were due in mid-January of 2004. Upon Defendants' request, Plaintiffs agreed to allow Defendants a thirty-day extension of time for their responses to this discovery making the discovery responses due by mid-February. Defendants did not provide their discovery responses in February when they were due. Nevertheless, Plaintiffs did not file a motion to compel in February, nor did they file any motion for extension of the February 21, 2004 deadline for amending the Complaint.

In April of 2004, Defendants brought a discovery dispute to this Court. On April 2, 2004, Defendants sought an order from the Court compelling Plaintiffs to make their required disclosures pursuant to Rule 26, which had been due on January 5, 2004, and to respond to discovery served on them by Defendants in December of 2003 and January of 2004.

In July of 2004, the parties filed a joint motion seeking a continuation of the trial of this case. The reason stated was the need to conduct additional discovery so that the parties

2

could conduct "meaningful mediation." The Court agreed to continue the trial to allow the parties to conduct this additional discovery. On August 13, 2004, this Court vacated its prior scheduling order and entered a new one. The August 13, 2004 Uniform Scheduling Order set this case for trial in August of 2005. It set a new deadline of October 26, 2004 for all amendments to the pleadings in this case. Once again, Plaintiffs did not object to any part of the Uniform Scheduling Order in the time allowed for objections.

On August 2, 2004, Plaintiffs filed a motion to compel. By this motion, Plaintiffs complained about the April 2, 2004 Defendants' responses to four of Plaintiffs' interrogatories and one of Plaintiffs' requests for production. According to Plaintiffs' motion to compel, they had written to counsel for Defendants on May 20, 2004 requesting complete responses to Plaintiffs' discovery and highlighting the deficiencies Plaintiffs found in Defendants' responses. No other mention is made of any attempt to resolve the discovery dispute with Defendants prior to filing the motion to compel. After reviewing Defendants' opposition to the motion to compel and Plaintiffs' reply brief, Magistrate Judge McPherson entered an Order on September 24, 2004, denying Plaintiffs' motion to compel. As grounds, Judge McPherson noted this Court's General Order which requires that discovery motions be accompanied by a written certification that the moving party has made a reasonable good-faith effort to reach agreement with opposing counsel on the issues prior to filing the motion and the requirements in the Federal Rules of Civil Procedure that parties seek to resolve discovery disputes by a good faith conference before seeking court intervention. Judge

McPherson ruled that Plaintiffs' single letter or exchange of written correspondence did not satisfy these requirements.

On August 10, 2004, during the pendency of Plaintiffs' motion to compel, Plaintiffs served Defendants with a Notice of Deposition. This notice stated Plaintiffs' intention to depose Jason Crowell, the driver of the tractor-trailer and a defendant in this action, and a corporate representative of Rhett Butler Trucking, the other defendant in this action, on September 7, 2004[1]. The deposition notice requested the production of a long list of documents to be brought to the deposition.

On August 11, 2004, Defendants made written objections to Plaintiffs' deposition notice. On Friday, August 20, 2004, Plaintiffs' counsel sent Defendants' counsel a draft he had prepared of a motion to compel setting forth the reasons Plaintiffs' counsel believed that the requests in the deposition notice were appropriate. Plaintiffs' counsel asked Defendants' counsel to review the draft and indicate whether any of the matters could be resolved, but further noted that if no response was made by Tuesday, August 24, 2004 at noon, the motion would be filed. On August 26, 2004, Defendants' counsel made a written response to Plaintiffs' position as set forth in the draft motion to compel. Apparently unsatisfied with this response, Plaintiffs filed a motion to compel on September 7, 2004.

In the September 7, 2004 motion to compel, Plaintiffs' counsel stated that "from the

---

[1] The parties had agreed to this date prior to Plaintiffs' counsel sending out the deposition notice.

records thus far produced, it appears to the Plaintiff that Crowell exceeded the federally-mandated number of hours for driving and working at the time of this collision." (Doc. # 38).  Thus, it had obviously occurred to Plaintiffs' counsel at some time prior to September 7, 2004, that Crowell had exceeded the federally-mandated number of hours for driving and working at the time of the collision.

On September 24, 2004, Magistrate Judge McPherson granted Plaintiffs' motion to compel the depositions and required that the documents be produced by October 1, 2004 and that the witnesses be produced for deposition by October 14, 2004. On September 28, 2004, Defendants filed a motion asking Magistrate Judge McPherson to reconsider her September 24, 2004 ruling.  After a telephone conference, Magistrate Judge McPherson denied the motion to reconsider as moot on October 27, 2004.

As of the October 26, 2004 deadline for amending pleadings, Plaintiffs' counsel had reason to believe from written discovery responses that Crowell had violated federal regulations governing the number of hours truck drivers may travel without sleeping for eight hours at the time of this collision.  As of the October 26, 2004 deadline for amending pleadings, Plaintiffs' counsel had not taken the depositions of either Crowell or a representative of Rhett Butler Trucking.[2]  Nevertheless, Plaintiffs did not seek an extension

---

[2]  Despite Judge McPherson's ruling on the Plaintiffs' motion to compel the deposition, which ruling required Defendants' depositions to be completed prior to the October 26, 2004 deadline for amending pleadings, the depositions of Crowell, the Rhett Butler Trucking corporate representative, and Plaintiffs were not commenced until mid-February of 2005. Plaintiffs' counsel agreed to postpone the depositions during the pendency

of the deadline for amending pleadings prior to October 26, 2004, nor did Plaintiffs move for leave to amend their Complaint prior to the October 26, 2004 deadline for amending pleadings.

Plaintiffs did not file their motion seeking leave to amend the Complaint within a reasonable time after taking the depositions of Crowell and the Rhett Butler Trucking corporate representative on February 17, 2005. It was at these depositions that Plaintiffs' counsel obtained confirmation of the facts on which the proposed amendment is predicated. Plaintiffs did not file their motion seeking leave to amend the Complaint prior to the April 12, 2005 deadline for dispositive motions. Indeed, Plaintiffs filed their motion for leave to amend nearly two weeks after submission date for the Defendants' motion for partial summary judgment. The pretrial in this case is scheduled for July 12, 2005. The trial of this case is scheduled for August 15, 2005. Discovery must be completed by June 28, 2005. The deadlines for identifying expert witnesses were April 12, 2005 for Plaintiffs and May 12, 2005 for Defendants.

On May 16, 2005, Plaintiffs' counsel filed the motion for leave to amend the Complaint now pending before this Court. According to this motion, Plaintiffs obtained the information on which the proposed amendment was based on February 17, 2005, when Plaintiffs took Crowell's deposition and received additional written discovery from

---

of the Defendants' motion to reconsider. On December 13, 2004, the parties agreed to a deposition schedule in February of 2005.

Defendants. Plaintiffs seek to add claims of wantonness and gross negligence arising out of Crowell's violations of federal regulations relating to maximum driving periods and required rest periods. Plaintiffs have offered no explanation whatsoever of their failure to promptly seek leave to file this amendment after obtaining the information in February of 2005. Rather than focusing on their inexcusable three month delay in seeking the amendment after having all of the relevant facts, Plaintiffs spill copious quantities of ink blaming their failure to timely amend on Defendants' stubborn refusals to produce discovery Plaintiffs required. It does seem to the Court that prior to February 17, 2005, Defendants had consistently resisted discovery in this matter. However, Plaintiffs obviously received some discovery prior to February 17, 2005. Indeed, they even received some discovery that made them reasonably certain that Crowell had violated the federal regulations concerning driving hours and rest periods prior to the October of 2004 deadline for amending the pleadings. While this discovery did not give Plaintiffs certain and specific details about the precise extent and nature of the violations, it could have given them a basis for seeking leave to amend the Complaint or at least for seeking an extension of time for amendments until after further discovery on the matter was complete. Moreover, it is undisputed that as of February 17, 2005, Plaintiffs had the information upon which the proposed amendment is based, but they did not seek leave to amend the Complaint until May 16, 2005.

Federal Rule of Civil Procedure 16(b) provides that a schedule, such as the ones this Court set by entering the Uniform Scheduling Orders in this case, "shall not be modified

7

except upon a showing of *good cause*" and by leave of court.  Fed. R. Civ. P. 16(b) (emphasis added).  This means that in making a motion for leave to amend a pleading after the deadline set by this Court's scheduling order, Plaintiffs must show good cause exists for their untimely attempt to amend their Complaint.  *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) (applying the Rule 16 good cause standard rather than the more liberal standard of Rule 15 to attempt to amend pleading after deadline set by Court's scheduling order is appropriate).  The Court is not satisfied that Plaintiffs have made a showing of good cause for the untimely amendment they seek leave to file.  Additionally, the Court finds that allowing Plaintiffs to amend the Complaint to add new claims after the deadline for dispositive motions and expert disclosures, on the eve of the close of discovery, and only three months before trial would be prejudicial to Defendants, and it would create scheduling problems for the Court which would necessitate a further continuance of a matter which has already been delayed upon the motion of the parties for long enough. Accordingly, the Court finds that Plaintiff's [sic] Motion to Amend the Complaint is due to be and hereby is DENIED.

　　　　DONE this the 9th day of June, 2005.


　　　　　　　　　　　　　　　　　　　　　　／s/ Mark E. Fuller　　　　　　
　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE